IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MARIO BELVISO, | § |
| | § |
| Plaintiff, | § |
| | § CIVIL ACTION NO. _____ |
| | § |
| vs. | § |
| | § |
| MEEKS TRANSPORTATION, LLC | § |
| | § |
| Defendant. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Mario Belviso, and files his Original Complaint, complaining of Defendant Meeks Transportation, LLC ("Meeks Transportation" or "Defendant"), and would show the following:

PARTIES

1. Mr. Belviso is an individual residing in Collin County, Texas.

2. Defendant Meeks Transportation, LLC is a foreign corporation organized under the laws of the State of Mississippi, and with its principal place of business in Mississippi. It may be served with process by serving its registered agent, Karen Edge, 405 W. College St., Booneville, MS 38829.

JURISDICTION

3. The Court has jurisdiction of this case under 28 U.S.C. § 1332 since there is complete diversity of citizenship between Mr. Belviso and the Defendant, and the amount in controversy exceeds $75,001.00, exclusive of interest and costs.

4. Defendant Meeks Transportation has continuous and systematic contacts with the State of Texas by regularly conducting business in this State. At all times relevant to these causes of action, Defendant was conducting business in Texas by, among other acts or omissions, contracting with Texas residents for goods or services to be provided within the State of Texas, contracting with Texas residents for services to be provided in Texas, committing a tort in the State of Texas, and by "doing business" within Texas as defined by the Texas Long Arm Statute. These causes of action arise out of such business and contacts. Further, the exercise of jurisdiction over the Defendant is consistent with the Constitution and the laws of the United States of American and traditional notions of substantial justice and fair play.

## VENUE

5. Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. Defendant Meeks Transportation operates a number of tractor trailers which operate throughout the United States.

7. Defendant Meeks Transportation employed a driver named Dan Claxton, who was operating a Meeks Transportation tractor trailer.

8. While operating a Meeks Transportation tractor trailer on December 21, 2016, in Whitesboro, Texas, Mr. Claxton was making a left-hand turn across an active roadway in front of oncoming traffic.

9. The Meeks Transportation tractor trailer failed to yield the right-of-way and also blocked a lane of travel.

10. Highway traffic approached the roadway blocked by the Meeks Transportation

tractor trailer, and at least one vehicle collided with the tractor trailer.

11. The passenger of the vehicle involved in the collision with the Meeks Transportation tractor trailer was severely injured.

12. Meeks Transportation is a corporation; at all times relevant to these causes of action, it was acting (or failing to act) by and through its agents, employees, statutory employees, principals and vice-principals acting within the course and scope of their agency, employment or other relationship, including its driver, Dan Claxton.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: NEGLIGENCE

13. Meeks Transportation's driver was negligent as that term is defined. He owed an obligation to drive as a reasonable and prudent motorist would drive under the same and similar circumstances.

14. Meeks Transportation's driver breached the obligation to drive as a reasonable and prudent truck driver by, among other acts and omissions:

   a. Choosing to turn left when it was not safe to do so;

   b. Choosing to block a lane of travel;

   c. Choosing to not adequately warn oncoming motorists of a hazard to traffic;

   d. Choosing to not keep an adequate lookout; and

   e. Choosing not to yield the right-of-way to oncoming traffic.

15. The Meeks Transportation driver violated various specifically enumerated statutes enacted for public safety. Mr. Belviso belongs to the class of people for whose benefit the statutes were enacted, the harm he suffered was the type against which the statutes were designed to

protect, and the statutory violations were the cause of his injuries.

16. As such, the statutory violations constitute negligence and include:

a. Choosing to not yield the right of way while turning left (in violation of Texas Transportation Code §545.152); and

b. Choosing to enter an intersection when it was not safe to do so (in violation of Texas Transportation Code §545.151).

17. The negligent acts and omissions and statutory violations of the driver, separately and collectively, were direct and proximate cause of the incident in question and the resulting injuries and damages Mr. Belviso sustained.

### SECOND CAUSE OF ACTION: GROSS NEGLIGENCE

18. Mr. Belviso would further show that the actions of the Defendant, when viewed objectively from the standpoint of the Defendant at the time of these decisions, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

19. Defendant was actually and subjectively aware of the risk involved but nevertheless proceeded with conscience indifference to the rights, safety, or welfare of others, and is actionable pursuant to § 41.001(7)(B) of the Texas Civil Practices and Remedies Code.

20. The acts or omissions of the Defendant were, singularly or severally, proximate and/or producing causes of the occurrence in question and Mr. Belviso's injuries.

### DAMAGES TO MR. BELVISO

21. Mr. Belviso seeks all damages against Defendant to which he is entitled under common law for:

a. medical expenses incurred as a result of the injuries received including those medical expenses incurred in the past and those medical expenses which, in reasonable probability, will continue into the future;

b. lost wages and/or lost earning capacity including those lost wages and/or

          lost earning capacity incurred in the past and those lost wages and/or lost earning capacity which, in reasonable probability, will continue into the future;

    c.    physical pain, suffering and mental anguish. This includes the physical pain, suffering and mental anguish incurred in the past and physical pain, suffering and mental anguish which, in reasonable probability, will continue into the future;

    d.    physical impairment or physical incapacity. This includes the physical impairment or physical incapacity incurred in the past and physical impairment or physical incapacity which, in reasonable probability, will continue into the future;

    e.    physical disfigurement. This includes the physical disfigurement incurred in the past and physical disfigurement which, in reasonable probability, will continue into the future.

22. Plaintiff also seeks punitive damages against the Defendant as a result of the occurrence in question in an amount awarded as an example to others, and as a penalty by way of punishment, in addition to any amount of actual damages awarded the Plaintiff.

### CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

23. Plaintiff claims all lawful pre-judgment and post-judgment interest on the damages suffered by him.

WHEREFORE, premises considered, Plaintiff respectfully requests the Defendant be cited to appear and answer and that upon final trial by jury, Plaintiff recover against the Defendant:

1. Damages as set forth above;

2. Pre-judgment and post-judgment interest;

3. Costs of court; and

4. Such other, further and different relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

*/s/ George (Tex) Quesada*

---

George (Tex) Quesada
State Bar No. 16427750
**SOMMERMAN, MCCAFFITY & QUESADA, L.L.P.**
3811 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219
214/720-0720 (Telephone)
214/720-0184 (Facsimile)
Quesada@textrial.com

ATTORNEYS FOR PLAINTIFF